## APPEAL OF J. R. VANSANT.

Docket No. 4274.   Submitted November 10, 1925.   Decided April 22, 1926.

The evidence is insufficient to support a redetermination of deficiency.

*E. H. Whitcombe, Esq.*, for the taxpayer.
*A. H. Fast, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

The Commissioner, after an examination of the petitioner's income-tax returns for 1919, 1920, and 1921, determined an overassessment of $27.37 for 1920 and a deficiency of $3,952.23 for 1921. The petition, while stating that all three years are in issue, controverts only the determination that the income from a certain contract job is entirely returnable for 1921.

### FINDINGS OF FACT.

The petitioner is a building contractor at Kansas City, Mo. During 1919, 1920, and 1921 he was engaged in the performance of numerous building contracts, all of which, except one, were performed within approximately one year's time. It had been his practice to include the income from these contracts, except the club contract hereinafter referred to, in the return for the year in which the performance of the contract was completed, which in each case was the year in which the income was received.

One contract, for the construction of the Kansas City Club, was made May 15, 1919. The petitioner and one Rector were to furnish all necessary equipment, let the subcontracts and supervise the work, and were to finance the building to the extent of $650,000. A

financing concern underwrote this amount of first mortgage bonds of the club at 90. The contractors were to receive 10 per cent of the total cost of the building, which was originally estimated at about $1,200,000, and were to pay the discount on the bonds, $65,000, out of their commission. The excavation, foundation, and structural steel had been let and completed when they secured the contract, so, in order to receive the full amount contemplated, they were to be allowed 13 per cent on all subcontracts let and work actually performed by them. The performance of this contract would normally require more than one year.

Beginning July 15, 1919, statements were submitted periodically, either weekly or semimonthly, showing material and labor cost and 13 per cent additional as compensation, and these statements were approved and certified by the architect and paid promptly. This was true as to the first 20 statements, which covered advances for material and labor of $325,035.49, commissions of $42,254.63, total of $367,290.12. These amounts were reported by petitioner as income in the year in which received. He had at this time paid $30,000 as discount on bonds.

In May, 1920, the club and the contractors had a disagreement, which was settled in June, after which the club paid most of the bills for material directly and repaid the contractors for pay rolls only. From the time of this settlement the petitioner submitted statements which included 13 per cent on bills paid directly by the club as well as on material and labor paid by him.

On December 8, 1920, the contractor was removed from the job, which at that time had not been completed, and another contractor was employed to complete the building. At the time of his removal the petitioner had been paid commissions of $42,254.63, out of which he had paid $30,000 discount on bonds, $2,238.65 to Rector, and $6,093.62 for equipment, a total of $38,332.27, leaving net commissions of $3,922.36. He had a claim against the club for $30,685.21 for material and labor, and $32,909.54 for unpaid commissions, a total of $63,594.75.

The claim was finally compromised and an agreement of settlement with the club was made and signed January 29, 1921, whereby petitioner was to receive $62,000 and was to be relieved of paying the balance of $35,000 discount on bonds. Payments were made by the club as follows: February 1, 1921, $31,000; March 1, 1921, $10,384; March 30, 1921, $10,436.33; April 30, 1921, $10,489.01; a total of $62,309.34, which included interest of $309.34 on deferred payments. Of this total, petitioner received $52,575.75.

In 1919 and 1920 petitioner purchased $6,616.37 worth of equipment for use on the club job, upon which the club paid $522.75 rental. The balance was offset against petitioner's profit from the job.

The entire profit from the job as computed by the Commissioner was included by him in petitioner's 1921 income, " for the reason it was not completed in 1920 or was the taxpayer able to compute the profit on the job if any in that year."

### OPINION.

STERNHAGEN: The foregoing facts are found from the admissions in the Commissioner's answer and the revenue agent's report of May 31, 1924, which the petitioner put in evidence. No other evidence was offered. The supplemental report of June 28, 1924, made apparently after the taxpayer's protest had been considered and containing some modifications of income as indicated by the statement accompanying the notice of deficiency, was not offered and is not in evidence.

It is said that the petitioner kept his books of account and made his returns on the basis of actual receipts and disbursements and that the Commissioner has no right to change this to another basis, and especially so since the substituted basis does not in all the circumstances clearly reflect income. But the record lacks evidence of the basis, unless this can be inferred from the fact that, in the past when contracts were performed within a year, the petitioner returned as income the amounts received thereon. Assuming, however, the petitioner's probable right to have his liability determined on the cash basis, the facts do not go far enough to enable the Board to compute the liability or to say that the Commissioner is in error. As to 1919, it may be true that the petitioner has the right to return income of the net commissions or compensation from the contract. As to 1920, from the figures in the findings, it is quite impossible to say what was actually received in the taxable year. In 1921, clearly he received a substantial amount, but whether it results in a net income of more or less than the amount of $30,513.70 which the Commissioner has determined, is not clear.

The petitioner obviously seeks a redetermination of his liability upon the basis of actual receipts and disbursements of the years in question, but his evidence is insufficient for the purpose.

*The deficiency for 1921 is $3,952.23. Order will be entered accordingly.*